UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH IRVING CARTER,

    Petitioner,

v.

JONATHAN HEMINGWAY, *Warden*,

    Respondent.

Case No. 20-12418
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

Kenneth Irving Carter, who is incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Carter pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) in the United States District Court for the Western District of Pennsylvania. He was sentenced within the guidelines range to 180 months' imprisonment. He now argues that a change in statutory interpretation renders his sentence invalid.

Because Carter's petition is not properly brought pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2255, the Court denies the petition.

**I.**

As a result of a federal grand jury indictment, Carter was charged with two counts: conspiracy to distribute and possess with intent to distribute one kilogram or

more of heroin as provided in 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), and conspiracy to distribute and possess with intent to distribute an opioid pain medication, Opana, as provided in 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 9-2.) Pursuant to a negotiated plea agreement, he pled guilty only to Count 1 before United States District Judge Kim R. Gibson in the Western District of Pennsylvania. (ECF No. 9-4.)

According to the plea agreement, Carter understood that Count 1 carried "a term of imprisonment of not less than 10 years and not more than life." (ECF No. 9-3, PageID.90.) He also understood that the government would seek—and Carter would oppose—a two-level increase in his base-offense level under the federal Sentencing Guidelines for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. (*Id.* at PageID.91.) The agreement allowed Carter to directly appeal the two-level enhancement if the district court applied it. (*Id.* at PageID.89.) In turn, the government agreed to recommend a two-level downward adjustment for Carter's acceptance of responsibility and moved for an additional one-level downward adjustment. (*Id.* at PageID.90.) The government further agreed to dismiss Count 2. (*Id.* at PageID.89.) The Court accepted the plea agreement. (ECF No. 9-4, PageID.112.)[1]

---

[1] The transcripts and other materials appended to the Warden's response were already docketed in Carter's underlying criminal case in the Western District of Pennsylvania. As such, there are two, overlapping ECF stamps at the top of each page and the Court is barely able to discern the PageID numbers for any specific page. So its citations to the docket may not line up exactly with the intended page.

At the sentencing hearing, the court heard from two witnesses who testified about Carter's control over the drug houses and the role those houses played in his drug ring. (ECF No. 9-5.) Based on their testimony, the court found that Carter "control[led] activities at the residences, namely by controlling distribution of controlled substances," and applied the two-level enhancement. (ECF No. 9-5, PageID.190.) Given the enhancement and the terms of the negotiated plea, the court determined Carter's guidelines range to be 168 to 210 months. (*Id.* at PageID.194.) It sentenced him to 180 months' imprisonment. (*Id.* at PageID.308.) Carter challenged that two-level increase on direct appeal, but the Third Circuit affirmed the sentence. *See United States v. Carter*, 834 F.3d 259, 263 (3d Cir. 2016).

In 2017, Carter filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 before the sentencing court, challenging the indictment and the effectiveness of his trial counsel. The court denied the motion. *See United States v. Carter*, No. 17-cv-171 (W.D. Penn Oct. 29, 2019) (available at ECF Nos. 9-6, 9-7).

Carter, who is serving his sentence at the Federal Correctional Institution in Milan, Michigan, then filed a petition pursuant to 28 U.S.C. § 2241 in this Court. The Warden opposes Carter's petition.

## II.

### A.

Carter's § 2241 petition fails at the outset because it is an improper "end-run around AEDPA." *Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023).

3

As discussed, Carter has already filed a § 2255 petition with the sentencing court, which was denied. (*See* ECF Nos. 7, 8.) Carter purports to bring this § 2241 petition under the "savings clause" of § 2255, which states, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Carter argues that "[b]ecause [his] 2255 motion is inadequate and ineffective, he promulgates an unobstructed procedural shot at presenting his claim of actual innocence as defined by the Supreme Court for Factual Innocence by 1. he was foreclosed by existing precedent at the time of his direct appeal and first 2255 motion and 2. his claims which was not strictly and only based on the Constitution but on the [*Alleyne*] Sixth Amendment substantive and procedural requirement interpretations of federal statutes which would NOT qualify for second or successive 2255[] motion." (ECF No. 1, PageID.1.) In making this argument, Carter invokes the Sixth Circuit's decision in *Hill v. McMasters*, 836 F.3d 591, 599–600 (6th Cir. 2016). (*Id.* at PageID.3.)

But this reasoning is no longer sound as ruled by the Supreme Court in *Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023). There, the Supreme Court held that a petitioner may not bring a § 2241 petition regarding "a subsequent, retroactive change in statutory interpretation by the Supreme Court" under AEDPA. *Id.* ("Even

4

more directly, [AEDPA's] authorization of a successive collateral attack based on new rules 'of *constitutional* law' implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word 'constitutional,' it easily could have done so."). Thus, if a person in federal custody wishes to challenge their conviction or sentence, they must comply with the limitations set out in § 2255(h). *Jones*, 143 S. Ct. at 1869 ("Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."). So to the extent Carter argues that he can bring a § 2241 petition based on an "interpretation[] of federal statutes which would NOT qualify for second or successive 2255[] motion" (ECF No. 1, PageID.1), *Jones* expressly barred such an argument.

Further, even if post-*Jones*, there was room to bring a petition under the reasoning in *Hill v. McMasters*, it would not apply here. The *Hill* court authorized a § 2241 petition based on a claim that the petitioner there no longer qualified as a career offender because his previous conviction was no longer a predicate offense. *Hill*, 836 F.3d at 600. The Sixth Circuit was clear in *Hill* that it was addressing "only a narrow subset of § 2241 petitions[.]" *Id.* at 599. That narrow subset included only petitions where the incarcerated person was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)[.]" *Id.* at 599–600.

5

Carter was sentenced in 2015—well after *Booker* made the federal guidelines advisory—and his sentencing judge recognized that the Sentencing Guidelines were not binding. (ECF No. 9-5, PageID.132, 192.) So Carter's argument premised on *Hill* fails for that reason, too.

In short, "[t]he savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 143 S. Ct. at 1868. Carter has not shown that it is "impossible or impracticable to seek relief in the sentencing court" merely because he seeks to make a non-constitutional, statutory argument attacking his sentence. *See id*. So his § 2241 petition is improper under *Jones*.

### B.

And Carter's petition fails even if construed as a § 2255 petition.

In order to file a second or successive petition, Carter must rely on either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[.]" 28 U.S.C. § 2255(h)(1)–(2). Carter has raised neither potential basis in his current petition, and thus, the Court does not believe the petition should be transferred to the sentencing court or the Third Circuit for certification as a second or successive petition, either. *See* 28 U.S.C. § 2255(a) (stating that a § 2255 petition should be made in "the court which imposed the sentence"); § 2255(h) (stating that a second or successive motion must be certified "by a panel of the appropriate court of appeals").

It appears that Carter is attempting to assert a claim under *Alleyne v. United States*, 570 U.S. 99 (2013). (*See* ECF No. 1, Page.3 ("To deny relief where a sentence enhancement exceeds the statutory range set by Congress, presents a separation of powers problematic hindrance to Carter."); *id.* at PageID.4 (citing *Alleyne* and stating, "Carter would have not pleaded guilty to any of the bogus enhancement[s] that were placed upon him after he pleaded guilty, had they been presented to a grand jury by charging them in the indictment and proved beyond a reasonable doubt").) But *Alleyne* is not a "new rule of constitutional law"—it was published in 2013 and Carter was sentenced in 2015. Indeed, Carter concedes that he had "meaningful time to incorporate these contentions in his direct appeals and subsequent 2255 motions[.]" (ECF No. 1, PageID.3.) The Court's review of the decisions from the Third Circuit and the sentencing court on § 2255 review indicate that an *Alleyne* claim was not raised. *See United States v. Carter*, 834 F.3d 259, 260 (3d Cir. 2016); (ECF No. 9-7 (report and recommendation denying claims involving the indictment and ineffective assistance of counsel)).

And perhaps that was for good reason. Carter was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory minimum of 10 years and a maximum sentence of life in prison. (*See also* ECF No. 9-5, PageID.194.) The sentencing judge also increased his base offense level by two levels under the Sentencing Guidelines after finding Carter "maintained a premises for the purpose of manufacturing or distributing a controlled substance[.]" U.S.S.G. § 2D1.1(b)(12). Such an enhancement is not subject to the limitations set out in *Alleyne*, which only precludes an increase

7

in the statutory minimum penalty based on facts that were not found by a jury. *See United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("We find no constitutional error, however, because *Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties. . . . Even aside from Johnson's concession with respect to a portion of the drug quantities attributed to him, the district court's factual determination with respect to the additional quantities did not violate his Sixth Amendment rights as articulated in *Alleyne*."); *United States v. Nunez*, 567 F. App'x 435, 437–38 (6th Cir. 2014) (finding that district court's consideration of testimony at the sentencing hearing on certain sentencing guideline enhancements and its enhancement of the offense level did not "implicate[] either *Apprendi* or *Alleyne* because the findings did not change the statutory maximum or minimum" (citations omitted)); *see also United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*."). Indeed, the sentencing court explicitly stated that the minimum sentence was 10 years as prescribed by the statute. Its decision to increase the base offense level under the Sentencing Guidelines did not affect the statutory minimum.

Carter also references 21 U.S.C. § 841(b)(1)(C)—which requires proof of "death or serious bodily injury"—and argues that "Carter and his co-defendant did not have any overdoses, deaths, or serious bodily harm resulting from Carter's direct drug

8

dealing or the dealing of his co-defendants." (ECF No. 1, PageID.4.) But it is unclear what Carter's claim is. Carter was not sentenced under the death-or-serious-bodily injury provision, which was charged in Count 2 of his indictment. (ECF No. 9-2, PageID.38.) Ultimately, the government dismissed that count pursuant to the plea agreement. (ECF No. 9-3, PageID.89.) Count 1 contains no such charge, and the sentencing court clearly stated that Carter was being sentenced under a different provision. (ECF No. 9-5, PageID.194; ECF No. 9-2.)

However, the underlying activity in Count 2 was perhaps used in the sentencing decision, as during his change-in-plea hearing, Carter "acknowledge[d his] responsibility for the conduct charged in Count 2[.]" (ECF No. 9-4, PageID.95, 101–102.) So to the extent Carter seeks to bring an *Alleyne* claim for the court's consideration of that conduct, such a claim would likely be barred by Carter's admission to the conduct for the purposes of sentencing. *See United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) ("Because *Alleyne* did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to *Apprendi* claims."). And as explained, *Alleyne* is not a new rule of constitutional law in relation to Carter's sentence. So any such claim would still not be authorized under § 2255(h).

The Court can only discern these two issues from Carter's petition. Importantly, Carter does not explain any other argument he wishes to make that was "foreclosed by existing precedent at the time of his direct appeal and first 2255 motion," that he is now able to make—let alone one grounded in the Constitution as

9

required by § 2255. Thus, Carter's habeas petition is denied as a § 2255 petition as well.

## III.

For the reasons stated, the Court concludes that Carter is not entitled to habeas corpus relief under § 2241 or § 2255. Accordingly, the Court denies the petition for a writ of habeas corpus and any request for an evidentiary hearing. (ECF No. 1.) As this petition was not properly brought under § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), a separate order on a certificate of appealability and proceeding in forma pauperis on appeal will follow.

SO ORDERED.

Dated: September 5, 2023

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE